UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TROY K. SCHEFFLER                                                                                       PLAINTIFF

v.                                              No. 0:18-cv-03310-JLH

RICHARD H. KYLE, JR.                                                                                DEFENDANT

OPINION AND ORDER

Troy K. Scheffler brings this action against Richard H. Kyle, Jr., a Minnesota District Court Judge, alleging that Judge Kyle denied him his right to appeal. Judge Kyle has moved to dismiss the first amended complaint. For reasons that will be explained, that motion is granted.

In 2011, Scheffler enrolled in the Concord Law School, which is an online, for-profit law school based in Los Angeles, California, and operated by Kaplan, Inc. He paid tuition, paid a fee to the California Bar, purchased books and began classes. He was not, however, satisfied with the services provided by the Concord Law School, so he brought an action in the Conciliation Court[1] of Ramsey County, Minnesota, seeking damages for the costs of his books, the tuition, the fee to the California Bar, and more than $6,000 in compensation for the time that he had spent in pursuing his online studies, as well as damages for emotional distress and punitive damages. The contract between Scheffler and Kaplan included an arbitration clause that required that all disputes be decided by arbitration in Los Angeles, California. That clause was not, however, enforceable in conciliation court.

The judge of the conciliation court entered an order stating that Concord Law School had refunded Scheffler's tuition and the fee he paid to the California Bar. The judge denied Scheffler's request for damages for the book fees because the books were purchased from a third party and

---

[1] Minnesota small claims courts are known as Conciliation Courts. *See* Minn. Stat. Chapter 491A.

Scheffler retained them. The judge also denied Scheffler's claim for emotional distress damages, as well as his claim to be compensated for the time that he spent studying in law school.

Scheffler filed a demand for removal/appeal from conciliation court to district court, which under Minnesota law, resulted in a *de novo* proceeding. Minn. Stat. § 491A.02 Subd. 6. The case was removed to the District Court for the Second Judicial District, Ramsey County, Minnesota, where Judge Kyle serves. Kaplan moved to compel arbitration, and Judge Kyle granted the motion. Scheffler filed a notice of appeal to the Minnesota Court of Appeals, but that court ruled that the order compelling arbitration was not an appealable order and dismissed the appeal. Scheffler sought review by the Minnesota Supreme Court, but that court declined to review the case.

Scheffler then commenced this action against Kaplan and Judge Kyle. His claims against Kaplan, Inc., have been dismissed by agreement.

Scheffler's amended complaint seeks declaratory relief stating that Judge Kyle denied Scheffler his right to appeal the conciliation court judgment and his right to appeal a district court final judgment, injunctive relief prohibiting arbitration, mandamus relief ordering appeal for the conciliation court judgment or the district court judgment to appeal as a matter of right, costs, and attorneys' fees.

The Eighth Circuit has explained, "[t]he Rooker-Feldman doctrine prohibits lower federal courts from exercising appellate review of state court judgments." *Skit Int'l, Ltd. v. DAC Technologies of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S. Ct. 149, 68 L. Ed. 362 (1923)). "The United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas

petitions." *Id*. (citing 28 U.S.C. § 1257). "Rooker-Feldman is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it." *Id*. at 1157. In *Skit*, the plaintiff sought in state court to have a state court judgment against it declared null and void. When the trial court denied relief, Skit sought to appeal the state court judgment but was unable to do so. Skit then commenced an action in United States District Court seeking to have the judgment declared null and void. In federal court, Skit argued that the Rooker-Feldman doctrine does not apply when a party is unable to obtain state appellate review on the merits. Rejecting that argument, the Eighth Circuit noted that Skit was simply asking the district court to serve as a surrogate appellate court to review the decision of the state court. *Id*. at 1158.

Here, Scheffler argues that this Court should overrule Judge Kyle's order compelling arbitration, and he argues that this Court should take action because he was unable to appeal in the Minnesota state courts. In the introductory paragraph to his first amended complaint, Scheffler alleges:

> Plaintiff filed a conciliation action against Defendant Kaplan, Inc. in which both parties conceded jurisdiction to. Following a listless decision not in Plaintiff's favor, he filed for removal and appeal to district court as is his right under the law. Defendant Kyle denied him this fundamental right of appeal. Plaintiff appealed Kyle's decision. The Minnesota Court of Appeals denied Plaintiff his fundamental right to appeal Kyle's decision. The Minnesota Supreme Court complicit in the farce, discretionarily denied review as Plaintiff has come to expect.

Document #27 at 2. Similarly, in his brief opposing Judge Kyle's motion to dismiss, Scheffler argues that this case concerns "primarily the enforcement of constitutional considerations in Plaintiff's right to appeal." Document #38 at 5 (emphasis in the original). He complains that he was denied his right to appeal twice. *Id*. at 13. Thus, like the plaintiff in *Skit*, Scheffler is asking this

3

Court to exercise appellate review of a state court decision, and he asks this Court to do so because the state appellate courts refused to do so. Unlike the plaintiff in *Skit*, who sought review of a state court final judgment, Scheffler is seeking review of an interlocutory order, but the Rooker-Feldman doctrine applies to interlocutory orders of state courts. *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (holding that the Rooker-Feldman doctrine barred a United States District Court from exercising jurisdiction over a case seeking an injunction to overturn a state court order compelling arbitration). Nor does the fact that Scheffler seeks a writ of mandamus save his claim from the Rooker-Feldman bar. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (holding that federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties).

Scheffler may be right that it is unfair to require him to travel from Minnesota to California to arbitrate a small claim. Such arbitration clause provisions are common in adhesion contracts, and an argument can be made that because such contracts are unfair, they should be unenforceable. Nonetheless, they often are enforceable. "If Congress disagrees, it can ban arbitration clauses in consumer contracts of adhesion by legislating an exemption to the [Federal Arbitration Act's] policy of enforcing arbitration agreements." Anne Brafford, *Arbitration Clauses in Consumer Contracts of Adhesion: Fair Play or Trap for the Weak and Unwary?*, 21 Journal of Corporation Law 331, 356 (1996). Whether the contract between Scheffler and Kaplan requiring arbitration in California is enforceable under Minnesota law is a question for the Minnesota courts. Whether Judge Kyle's order compelling arbitration is appealable is a question for the Minnesota appellate courts. This Court has no jurisdiction to decide whether Judge Kyle correctly interpreted Minnesota law, to compel him to take any action or refrain from taking any action related to Scheffler's claim against

Kaplan, or to require that the Minnesota courts permit Scheffler to appeal. This action is therefore dismissed for lack of subject matter jurisdiction. A judgment will be entered separately.

IT IS SO ORDERED this 28th day of March, 2019.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE